[Cite as *Hershberger v. Ohio State Hwy. Patrol*, 2017-Ohio-8083.]

| | |
|---|---|
| PAMELA HERSHBERGER | Case No. 2017-00126-AD |
| Plaintiff | Clerk Mark H. Reed |
| v. | |
| | <u>MEMORANDUM DECISION</u> |
| OHIO STATE HIGHWAY PATROL | |
| Defendant | |

{¶1} On February 6, 2017, Pamela Hershberger (hereinafter "plaintiff") filed a claim in this Court against the State Highway Patrol (hereinafter "OSHP"). In her complaint, the plaintiff, who separated from employment from the OSHP on July 29, 2016 for reasons of disability, advanced several claims for relief. Plaintiff claims that OSHP, her former employer, breached the collective bargaining agreement with the Ohio State Troopers Association, of which she was a member, in three ways. First, she states that while she was employed as an Ohio State Highway Patrol dispatcher, she overpaid on her health insurance premiums from July 1, 2015 to July 31, 2016. Plaintiff alleges that she was told by Ohio Department of Public Safety human resources personnel, by phone, that she did overpay but that the Ohio Department of Administrative Services states that she has not. Second, plaintiff also alleges that she should have received retroactive pay from July 1, 2015 until July 31, 2016 based on the collective bargaining contract. Third, she alleges that OSHP failed to pay her a ratification bonus from the contract. Plaintiff claims total damages of $4151.41 (including the $25.00 filing fee).

{¶2} In an investigation report filed April 25, 2017, OSHP moved to dismiss plaintiff's complaint. As grounds for this dismissal, the agency contends that the Court of Claims lacks jurisdiction over plaintiff's breach of contract claim(s). The agency argues that a bargaining unit employee's exclusive remedy for the alleged breach is to file a grievance with the collective bargaining unit and that the plaintiff has not submitted

any evidence indicating that she has exhausted this administrative remedy. Plaintiff's tenure as a bargaining unit employee with the Highway Patrol lasted from May 30, 1989 until August 1, 2016. Because plaintiff bases her claim on her membership in the bargaining unit, her breach of contract claim is barred from review by the Court of Claims. For these reasons, OSHP contends that her complaint should be dismissed.

{¶3} For the reasons set out below, the Court finds OSHP's argument to be well taken. The Ohio Supreme Court has consistently held that a public-sector employee who is part of a bargaining unit has no right to file an original action in a trial court where there is a collective bargaining agreement in place that sets out the process for the handling of employee grievances. *State ex rel. Wilkinson v. Reed*, 99 Ohio St.3d 106, 2003-Ohio-2506. The alleged wrongs that the plaintiff complains about happened while she was still an employee of OSHP and part of the bargaining unit that was subject to the collective bargaining agreement. Plaintiff's failure to pursue the administrative remedy required by the relevant collective bargaining agreement divests this court of the subject matter jurisdiction necessary to hear her complaint. Therefore, the complaint filed February 6, 2017 is hereby dismissed.

[Cite as *Hershberger v. Ohio State Hwy. Patrol*, 2017-Ohio-8083.]

| | |
|---|---|
| PAMELA HERSHBERGER | Case No. 2017-00126-AD |
| Plaintiff | Clerk Mark H. Reed |
| v. | |
| | ENTRY OF ADMINISTRATIVE |
| OHIO STATE HIGHWAY PATROL | DETERMINATION |
| Defendant | |

Having considered all the evidence in the claim file, and for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of the defendant. Court costs shall be absorbed by the Court.

 

MARK H. REED
Clerk

Filed 5/12/17
Sent to S.C. Reporter 10/5/17